# Kozickie, Jr. v. United States Steel Corporation

*Joseph Lurie*, for plaintiff.

*Joseph H. Foster*, for defendant.

*Francis E. Shields*, for additional defendant.

SPAETH, J., June 27, 1968.—

## NATURE OF THE CASE

Additional defendant, Dr. W. B. Suter, has filed preliminary objections challenging the service upon him of defendant's complaint.

## FACTS

Although the preliminary objections are not endorsed with notice to plead, as might have been done, Pa. Rule of Civil Procedure 1017(a)*(1), the facts pleaded in the preliminary objections are admitted by the statement of the case in defendant's brief.

Plaintiffs are a husband and wife and their children. Plaintiff husband claims that while he was an employe of defendant, United States Steel Corporation, he developed advanced tuberculosis because "agents, servants and employees" of defendant, work-

ing at a dispensary maintained by defendant at its plant in Fairless Hills, Bucks County, failed to examine him properly.

On November 18, 1966, plaintiffs commenced this action by filing a summons in trespass in Philadelphia, naming only the steel company as defendant. The summons was served on December 1, 1966.

On February 28, 1967, i.e., within 60 days of service, the steel company undertook to join Dr. W. B. Suter as additional defendant by filing a summons, and by following this, on March 8th, with a complaint, which on March 11th was served on the doctor in Bucks County by deputized service. It is the steel company's contention that the examination of which plaintiffs complain was performed by Dr. Suter.

On May 2, 1967, the doctor filed preliminary objections to the steel company's complaint, challenging the service of the complaint. On June 6th, it was stipulated that the preliminary objections might be sustained and the service quashed, but that the complaint should not be dismissed, and an order to that effect was entered, Gold, P. J.

On June 28, 1967, Pa. R. C. P. 1006 and 1009 were amended, effective September 1, 1967, in a manner that will be discussed. Conceiving the amendments to be pertinent, the steel company, on March 26, 1968, reinstated its complaint against the doctor, and on April 3rd the complaint was again served on the doctor in Bucks County by deputized service. On May 2nd the preliminary objections now before the Court were filed. On May 27th they were argued.

## DISCUSSION

Additional defendant argues that the amendments to Pa. R. C. P. 1006 and 1009 are not pertinent. When the amendments were promulgated, however, the Supreme Court stated:

September 1, 1967, is hereby fixed as the effective date of the Amended Rules and they shall apply to actions pending at that time.

It is necessary, therefore, to consider whether the amendments authorize the deputized service here attempted. They do not.

Pa. R. C. P. 2254(a) provides that "A defendant . . . shall have the same right of service as though he were a plaintiff." The question, therefore, is: If defendant, United States Steel Corporation, were plaintiff, could it sue Dr. Suter in Philadelphia, and have the complaint served on him in Bucks County by deputized service?

Pa. R. C. P. 1042 provides that an action of trespass "may be brought in a county in which an action of assumpsit may be brought . . ." Pa. R. C. P. 1006(a) provides:

"Except as otherwise provided by subdivisions (b) and (c) of this rule, an action [of assumpsit] against an individual may be brought in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose".

Since the doctor is in Bucks County and hence may not be served in Philadelphia, and since the cause of action (the doctor's alleged careless examination) arose in Bucks County where the examination was conducted, Rule 1006(a) would not authorize the steel company to sue the doctor in Philadelphia, unless the authority is given by the reference to subdivisions (b) and (c) of the rule.

Subdivision (b) is not pertinent, as it pertains to "defendants who are non-residents or conceal their whereabouts . . .; political subdivisions . . .; partnerships . . .; unincorporated associations . . .; corporations and similar entities . . ."

Subdivision (c) provides:

"An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)".

Neither is this pertinent; if the steel company were to sue the doctor, the action would be against the doctor alone and would not be "to enforce a joint or joint and several liability against two or more defendants."

Accordingly, if the steel company were plaintiff, it could not sue the doctor in Philadelphia and have the complaint served on him by deputized service in Bucks County; therefore, neither may it do so as a defendant suing an additional defendant.

Counsel for the steel company note that plaintiffs could have sued both the steel company and the doctor in Philadelphia, personal service being made on the steel company in Philadelphia and deputized service being made on the doctor in Bucks County. (And indeed, this could have been done, for the action then would have been to enforce a joint or joint and several liability, and venue could have been laid against one of the defendants—the steel company—in Philadelphia.) Therefore, counsel urge, they should be able to join the doctor, because a defendant, with respect to an additional defendant, should be able to do what a plaintiff could do. However, as noted in Schectman et al. v. Beatty, C. P., Philadelphia County, March term, 1967, no. 5500, opinion filed June 13, 1968, Barbieri, J., this argument counts defendant twice: it is as though the steel company were suing not only the doctor but the doctor and itself. As Judge Barbieri observed:

He [defendant, seeking to join an additional defendant] cannot come under 1006(c), which requires

that venue be laid against one of the two or more defendants to be proceeded against, because he is now in the role of plaintiff and cannot also treat himself as one of the "two or more" defendants upon whom the service has already attached.

Finally, counsel for the steel company say that from plaintiffs' point of view it is immaterial whether the action is filed only against the steel company, the doctor being joined as an additional defendant, or whether it is filed against the steel company and the doctor as codefendants. "This is a very type of case," they urge (page 6 of their brief), "in which the rights of the plaintiff, against both the defendant and the additional defendant should be determined in one action". Even if this were so, it would not affect the provisions of Rule 1006(c), although it might suggest that an amendment to those provisions should be considered. However, whether it is so is not for defendant's but plaintiffs' counsel to say; and plaintiffs' counsel chose to sue only the steel company. Counsel for the steel company say that the doctor's careless examination was the source of plaintiffs' troubles; but plaintiffs' counsel do not say so; they neither name the doctor nor sue him, alleging rather that what led to the tuberculosis not being discovered earlier was "[t]he negligence of the defendant, its agents, servants and employees;" this may include the doctor, but also others, so that it cannot be said that an action against the steel company is the same as an action against the steel company and the doctor.

## ORDER

And now, June 27, 1968, the preliminary objections of Dr. W. B. Suter, additional defendant, challenging the service upon him of the complaint by defendant, United States Steel Corporation, are sustained; the

service of defendant's complaint is set aside; and defendant's complaint is dismissed.